ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2257 (PAM/RLE)

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

REAL PROPERTY LOCATED AT 9081 COUNTRY AVENUE, MONTICELLO, MINNESOTA, WRIGHT COUNTY, WITH ALL BUILDINGS, IMPROVEMENTS, FIXTURES, APPURTENANCES AND ATTACHMENTS THERETO AND ANY AND ALL PROCEEDS FROM ITS SALE OR TRANSFER,

DEFENDANT.

DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Based on the plaintiff's motion for an order granting default default judgment against William W. Hoffman, Natalie Hoffman, Wright County, the Minnesota Department of Revenue, Westlund Provisions, Inc., and all unknown persons and entities having an interest in the defendant real property and for forfeiture of the defendant real property to the plaintiff; on all the files and records in this action; and on the Court's finding as follows that:

1. a verified Complaint for Forfeiture with supporting affidavit was filed on December 7, 2001, alleging that the defendant real property was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

2. on May 9, 2002, a Superseding Information was filed in Criminal Case No. 02-139 (JMR) against Defendant William Walter Hoffman charging him with mail fraud and forging a security;



FILED OCT 2 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 2 5 2002
DEPUTY CLERK

3. on May 21, 2002, William Walter Hoffman pled guilty to the Superseding Information and agreed, among other things, to forfeit all his right, title and interest in the defendant real property to the United States and admitted the basis for the forfeiture;

4. the United States Marshal's Service posted a Notice of Complaint for Forfeiture Against Real Property on the defendant real property and served a copy of the Summons, Complaint for Forfeiture with supporting Affidavit, Notice of Complaint for Forfeiture Against Real Property, and Notice of Lis Pendens on William W. Hoffman, personally and through Daniel M. Scott, Federal Public Defender; Natalie Hoffman, personally; Wright County, through Douglas M. Gruber, Wright County Auditor; Westlund Provisions, Inc., through Attorney Paul F. Marso; and the Minnesota Department of Revenue, through Commissioner James W. Manson, giving due notice to all known interested persons and entities to serve on the United States Attorney and file with the Clerk of Court a verified statement of interest in or right against the defendant real property within 30 days from service of the Complaint and to serve and file an answer to the Complaint for Forfeiture within 20 days after the date the verified statement of interest was filed;

5. a notice of the forfeiture action against the defendant real property was published in the Finance and Commerce, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on May 24, May 31, and June 7, 2002, giving

notice to all unknown interested persons and entities of the verified statement of interest and answer requirements;

6. on June 3 and June 5, 2002, the Minnesota Department of Revenue faxed to the United States Attorney's Office copies of its Releases of Tax Liens dated January 11, 2002, releasing its tax liens against Natalie N. Hoffman and William W. Hoffman and, thus, its liens against the defendant real property;

7. by copy of a letter dated June 5, 2002, to J. Patrick Brinkman, attorney for Lynette Gagnelius, from Paul F. Marso, attorney for Westlund Provisions, Inc., the government was given notice that Westlund Provisions, Inc., had assigned all its right, title and interest in its judgment filed against the Monte Club, Inc., and William and Natalie Hoffman to Lynette Gagnelius;

8. Lynette Gagnelius filed and served a verified statement of interest and answer to the Complaint for Forfeiture by virtue of an assignment of judgment from Westlund Provisions, Inc.;

9. the plaintiff and Lynette Gagnelius settled her claim to the defendant real property by Stipulated Expedited Settlement Agreement and Order;

10. by Agreement to Forfeiture signed July 3, 2002, Natalie Hoffman agreed, among other things, to the forfeiture of all her right, title and interest in the defendant real property to the United States of America and agreed to not contest its forfeiture;

11. no verified statements of interest in the defendant real property and answers to the Complaint for Forfeiture have been filed with the Clerk of Court and served on the United States Attorney other than those of Lynette Gagnelius, and the time for filing a verified statement of interest and answer has expired;

12. on the plaintiff's application, the Clerk of Court entered default against William W. Hoffman, Natalie Hoffman, Wright County, the Minnesota Department of Revenue, Westlund Provisions, Inc., and all unknown persons and entities having an interest in the defendant real property; and

13. the basis for the forfeiture of the defendant real property as set forth in the plaintiff's Complaint for Forfeiture with supporting affidavit stands unrebutted, and the plaintiff has met its burden of establishing that the defendant real property is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against William W. Hoffman, Natalie Hoffman, Wright County, the Minnesota Department of Revenue, Westlund Provisions, Inc., and all unknown persons and entities having an interest in the defendant real property, legally described as Lot 1, Block 2, Klien Farms 3rd Addition; and

2. all the right, title and interest of the defaulted persons and entities in the defendant real property is forfeited to the plaintiff, and no right, title or interest in the defendant real

property shall exist in any other person or entity except as provided for in the Stipulated Expedited Settlement Agreement and Order setting forth the settlement between the plaintiff and Claimant Lynette Gagnelius; and

3. the defendant real property shall be disposed of by the plaintiff in accordance with law and with the Stipulated Expedited Settlement Agreement and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 25, 2002

PAUL A. MAGNUSON, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995